ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
Jonathan B. Granoff
Assistant U.S. Attorney
405 W. Congress Street
Suite 4800
Tucson, Arizona  85701
(520) 620-7300
Jonathan.Granoff@usdoj.gov
Attorneys for Plaintiff

FILED____LODGED
____RECEIVED___COPY

2012 JAN 19 P 3: 36

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR12-0174 TUC CKJ/GEE |
|---|---|
| Plaintiff, | INDICTMENT |
| v. | 18 U.S.C. § 1343 **VICTIM CASE** |
| | (Wire Fraud) |
| | Counts 1 - 3 |
| Dino Sisneros, | 18 U.S.C. § 1957 |
| | Transactional Money Laundering |
| Defendant. | Greater than $10,000 |
| | (Counts 4 - 5) |
| | 18 U.S.C. § 981(a)(1)(C) |
| | 28 U.S.C. § 2461(c) |
| | (Forfeiture) |

THE GRAND JURY CHARGES:

### COUNTS 1 - 3

### Wire Fraud

### [Title 18 U.S.C. § 1343]

1.  From a time unknown through March, 2008, within the District of Arizona and elsewhere, the defendant, Dino Sisneros, knowingly and willfully devised and intended to devise a scheme and artifice to defraud the victims to obtain their money by means of material false and materially fraudulent pretenses, representations, and promises and by intentional concealment and omission of material facts.

## The Scheme and Artifice to Defraud

2. The defendant, Dino Sisneros, engaged in a scheme to defraud with the intent to defraud to obtain money from the victims alleged in this indictment who will be referred to by their initials. The defendant made material false statements to the victims in order to induce the victims to loan the defendant money. The defendant falsely represented that the money he would receive from the victims would be used to invest in or for various real estate transactions. The defendant also falsely promised that the victims would receive a high rate of return on their investments. At the time the defendant made these material false statements and promises, the defendant knew said representations were false. The victims provided the defendant money, intended to be loans, based on these material false statements. When the defendant received the victims' money, he used a large portion of their funds for his own personal use and not to invest in real estate. The defendant further failed to pay the victims the money he promised in return for their investment.

## Investors D.T. and L.T.

3. Between January and March, 2006, D.T. and L.T. loaned the defendant, Dino Sisneros, a total of approximately $76,000. In order to induce D.T. and L.T. to loan the defendant these funds, the defendant knowingly made the following material false statements: (1) the defendant represented that the money D.T. and L.T. loaned would be used to invest in real estate. Instead of investing in real estate, the defendant used a large portion of D.T. and L.T.'s money for his own personal use. The defendant also failed to pay D.T. and L.T. the money the defendant promised in return for their investment.

## Investor T.W.

4. Between February 13, 2007 and August 17, 2007, T.W. loaned the defendant, Dino Sisneros, a total of $375,000. In order to induce T.W. to loan these funds, the defendant knowingly made the following material false statements: (1) the defendant represented that the money T.W. loaned would be used to "invest" in real estate; and (2) the defendant represented that T.W.'s return on his investment could be as high as 20 percent. T.W. wired $140,000 in interstate

commerce to the defendant's bank account that constituted a portion of the total funds T.W. loaned the defendant. Instead of investing in real estate, the defendant used a large portion of T.W.'s money for his own personal use. The defendant also failed to pay T.W. the money the defendant promised in return for T.W.'s investment.

### Investor J.Q.

5. On or about November 14, 2007, J.Q. loaned the defendant, Dino Sisneros, $95,000. In order to induce J.Q. to loan these funds, the defendant knowingly made the following material false statements: (1) the defendant represented that the money J.Q. loaned would be used to "invest" in real estate; and (2) the defendant represented that J.Q.'s return on his investment would be a specified flat fee to be paid at a later date. Instead of investing in real estate, the defendant used the vast majority of J.Q.'s money for his own personal use. The defendant further failed to pay J.Q. the money the defendant promised in return for J.Q.'s investment.

### Investor W.W.

6. On or about February 7, 2008, W.W. loaned the defendant, Dino Sisneros approximately $50,000. In order to induce W.W. to loan the defendant these funds, the defendant knowingly made the following material false statements: (1) the defendant represented that the money W.W. loaned would be used for real estate and (2) the defendant falsely represented that W.W. would receive a significant return on his investment. Instead of using the money in the manner the defendant specified, the defendant used a large portion of W.W.'s money for his own personal use. The defendant also failed to pay W.W. the money the defendant promised in return for W.W.'s investment.

### Investors D.R. and J.R.

7. Between March 10, 2008 and March 17, 2008, D.R. and J.R. loaned the defendant, Dino Sisneros, a total of $265,000. In order to induce D.R. and J.R. to loan these funds, the defendant knowingly made the following material false statements: (1) he represented that D.R. and J.R.'s

3

money would be used to "invest" in real estate; and (2) the defendant promised that the victims would receive approximately $100,000 return on their investment. D.R. wired $100,000 and $150,000 in interstate commerce to the defendant's lawyer's bank account that constituted a portion of the total funds D.R. and J.R. loaned the defendant. Instead of investing in real estate, the defendant used the vast majority of D.R. and J.R.'s money for his own personal use. The defendant also failed to pay D.R. and J.R. the money the defendant promised in return for their investment.

8. The factual allegations alleged in paragraphs 1 through 7 are re-alleged and incorporated into counts 1 through 3 set forth below.

### Execution of the Scheme by Wire Communications

9. On or about the dates listed below, within the District of Arizona, and elsewhere, defendant Dino Sisneros for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce signals and sounds, that is, banking wire transfers, from the identified financial accounts below, in the identified amounts to the identified recipient, the property being money obtained by the defendant's scheme to defraud and defendant's material false statements as listed below:

| Count | Date | Wire Transmission |
| --- | --- | --- |
| 1 | 02/13/07 | $140,000 from Countrywide Bank, Alexandria, VA to Wells Fargo Bank, San Francisco, CA relating to the "investment loan" provided by victim T.W. |
| 2 | 03/13/08 | $100,000 from United Western Bank, Denver, CO to Wells Fargo Bank, San Francisco, CA relating to the "investment loan" provided by victims D.R. and J.R. |
| 3 | 03/17/08 | $150,000 from United Western Bank, Denver, CO to Wells Fargo Bank, San Francisco, CA relating to the "investment loan" provided by D.R. and J.R. |

All in violation of Title 18, United States Code, Section 1343.

### Counts 4 - 5

### Transactional Money Laundering Greater than $10,000

### [18 U.S.C. § 1957]

10. On or about the dates set forth below, within the District of Arizona, the defendant, Dino Sisneros, with respect to each count listed below, did knowingly and willfully engage in a monetary transaction by, through and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is Wire Fraud, in violation of Title 18, United States Code, Section 1343 when at the time the defendant conducted such monetary transaction, the defendant had knowledge that such property had been derived from specified unlawful activity:

| Count | Date | Monetary Transaction |
|---|---|---|
| 4 | 03/14/08 | Negotiation of check # 7749 dated 3/14/08 for $81,985 from the Defendant's Lawyer's Trust Account |
| 5 | 03/17/08 | Deposit of check #7750 dated 3/17/08 for $109,000 from the Defendant's Lawyer's Trust Account |

All in violation of Title 18, United States Code, Section 1957

### FORFEITURE ALLEGATION

11. Upon conviction of the offenses set forth in Counts One through Five of this Indictment, the defendant, Dino Sisneros, shall forfeit to the United States of America, pursuant to:

a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and

b) Title 18, United States Code, Section 982(a)(1), all right, title, and interest in any property, real or personal, involved in an offense of Title 18, United States Code, Section 1957, or any property traceable to such property; and

c) a sum of money equal to the amount of proceeds obtained as a result of the offenses,

including but not limited to $861,000 in U.S. currency.

12. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, including, but not limited to, all property, both real and personal, owned by the defendant.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 28, United States Code, Section 2461(c), and Rule 32.2.(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON OF THE GRAND JURY

Date:

JAN 1 9 2012

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

/s/

Jonathan B. Granoff
Assistant U.S. Attorney