ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
Jonathan B. Granoff
Assistant United States Attorney
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona  85701
Telephone: (520) 620-7300
Jonathan.Granoff@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| | ) | CR- 12-174-TUC-CKJ-GEE |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S RESPONSE TO** |
| v. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS/STRIKE PARAGRAPH 3** |
| Dino Sisneros, | ) | **OF THE INDICTMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The government, by and through its attorneys, Ann Birmingham Scheel, Acting United States Attorney for the District of Arizona, and Jonathan B. Granoff, Assistant United States Attorney, hereby files its response to the defendant's motion to strike paragraph 3 of the indictment. As grounds for this motion, the following is stated.

**I. BACKGROUND/FACTS**:

The indictment charges the defendant with perpetrating an investment fraud scheme that occurred between approximately January, 2006 and March, 2008. The defendant knowingly made material false representations in order to induce the victims into "loaning" the defendant money. Generally, the defendant informed the victims that their money would be used to invest in real estate. He also falsely promised the victims that they would receive a high return on their investments. However, instead of investing in real estate, the defendant

used a large portion of their funds for his own personal use and not to invest in real estate.

The indictment charges that the scheme to defraud involved multiple victims as alleged in paragraphs three through seven. However, the indictment charges three separate and distinct uses of the wires that occurred as part of the scheme to defraud in February and March of 2008. The defendant moves to "strike" paragraph three of the indictment because he claims this conduct occurred outside the statute of limitations. The defendant's argument is without merit and should be rejected.

**II. THE LAW:**

Under the law, "each use of the wires constitutes a separate violation of 18 U.S.C. § 1343[.]" *See United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2001). As the Court stated, it is "the *use* of the mails or wires as part of a fraudulent scheme" that is "an independent offense quite separate from any other potentially illegal conduct." *Id.* The Court also stated, "Courts have consistently construed Congress' intent behind the mail fraud statute broadly, focusing on the use of the mails itself, not on the underlying scheme or a particular fraud victim." *Id.* "The only difference between mail fraud and wire fraud is the former involves the use of the mails and the latter involves use of wire, radio, or television communication in interstate or foreign commerce." *See* Ninth Cir. Mod. Crim. Jury Instructions, 8.124 Wire Fraud. "In general, to be in furtherance of a scheme, the charged mailing or wire transmission need not be an essential element of the scheme, just a 'step in the plot.'" *Id.* at 795 (*quoting Schmuck v. United States* 489 U.S. 705, 711 (1989).

The indictment charges the defendant with three separate and distinct uses of the wires that were in furtherance of the defendant's scheme to defraud. Each of the three counts of wire fraud charged is within the statute of limitations. Accordingly, the defendant's motion

///

//

1. to strike/dismiss paragraph three should be denied.
2.   Respectfully submitted this 27th day of March, 2012.
3.            ANN BIRMINGHAM SCHEEL
              Acting United States Attorney
4.            District of Arizona
5.            *s/Jonathan B. Granoff*
6.            Jonathan B. Granoff
              Assistant United States Attorney
7. 
8. A copy of the foregoing has been served electronically
   or by other means this 27th day of March, 2012, to:
9. 
   Matthew Davidson, Esq.
10. Attorney for the Defendant