Law Offices of
MATTHEW C. DAVIDSON, LTD.
1859 N. Grand Ave. Suite 1
Nogales, AZ, 85621
(520) 281-0433
Matthew C. Davidson, SBN 015021
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | NO. CR-12-00174-TUC-CKJ(GEE) |
| Plaintiff, | |
| vs. | MOTION TO DISMISS FOR VINDICTIVE PROSECUTION |
| DINO SISNEROS, | |
| Defendant. | |

COMES NOW the Defendant Dino Sisneros, by his counsel undersigned, and moves this court to dismiss the indictment based upon vindictive prosecution of the case by the government in violation of the Defendant's Fifth Amendment right to Due Process of Law.  This motion is supported by the following Memorandum of Points and Authorities.

### *Memorandum of Points and Authorities*

*Facts:*

The Defendant, Dino Sisneros is now facing two indictments in United States District Court, in the District of Arizona, under case number 11-794 and 12-174. The cases are before different judges but both contain charges that the defendant violated 18 U.S.C. 1343.

-1-

Counts 2 through 13 of case number 11-794 charge the defendant with violating 18 U.S. C. 1343 from, "a time unknown to August 2007."

Counts 1-3, of case number 12-174 charge the defendant with violating 18 U.S.C. 1343 from "a time unknown through March 2008." Case 11-794 was indicted on March 3, 2011, well after March 2008 the last date alleged in case number 12-174. Both cases allege violations of the same statute, in the same time frame, and all events are completed three years before the first case is indicted.

The cases were investigated by the same agencies, the same case agents, handled by the same prosecutor, and share common disclosure material.  The government has indicated in a 404(b) notice in case 12-174 that they intend to use three counts or, more likely, three cooperating defendants from case 11-794 as prosecution trial witnesses.

Given this situation the defense questions why the events described in case 12-174 were not simply added to case 11-794 by means of a superseding indictment which is the common custom and practice in these matters.  The defense challenges the second indictment as a violation of the prohibition against vindictive prosecution.

*Law and Discussion:*

*Doctrine of Vindictive Prosecution*

The government violates the defendant's Fifth Amendment Due Process rights when it files charges to penalize the defendant for the exercise of a protected statutory or constitutional right. *United States v. Goodwin*, 457 U.S. 368(1982). In the first indictment case number 11-794, the defendant has asserted multiple statutory and

constitutional rights.  He has requested his Sixth Amendment right to confront his accuser and go to trial.  Where the defendant established that the prosecution brought felony marijuana charges against him in retaliation for his exercise of his statutory right to a speedy trial in another case, the government violated the prohibition against vindictive prosecution. *United States v. Groves*, 571 F.2d 450 (9th Cir. 1978).

### *Defendant's Burden of Proof*

The defendant acknowledges that he has the burden to make a threshold showing of vindictiveness. *United States v. Montoya*, 45 F.3d 1286( 9th Cir. 1995). There is no vindictive prosecution where the number and severity of the charges remains unchanged. *United States v. Kinsey*, 994 F.3d 699 (9th Cir. 1993).  This case presents a different scenario.  Here, there are now more charges, the burden of a second trial, and the daunting prospect of a possible consecutive sentence if there are convictions in both cases.  The severity of the charges has been increased by the possible exposure to consecutive sentences.  The defendant has met this initial requirement of showing vindictiveness.

The defendant must also show that the increase in severity of the charges occurred after he exercised his constitutional rights. *United States v. Motley*, 655 F.2d 186 (9th Cir. 1981).  In this case, the chronology is quite uncomplicated, the defendant was indicted in case number 11-794 on March 3, 2011 and he asserted his innocence and his constitutional right to trial by jury. After asserting those rights and refusing to plead to the charges, the government filed case number 12-174 which deals with events that occurred in 2007 and 2008 and

could have easily been filed in 2011.  The indictments established that the second case was filed in January 19, 2012 and it is clear the defendant can meet his burden to show the second case was brought "after" assertion of a constitutional right.

### *No Separate Agency*

The government sometimes contends that the new charges are based on evidence developed by a separate agency and not available until after the first indictment had been submitted to a grand jury and indicted. *United States v. Griffin*, 617 F.2d 1342(9th Cir. 1980) This possible claim does not fit the facts of this case. Here, the charges concern a crime common to both cases, 18 U.S.C. 1343.  Here, the same case agents worked both cases.  The subject matter of both cases was fully understood by the case agents in 2009.  The material contained in the second case could have easily been added to case number 11-794 by way of a superseding indictment.

### *Same Case, Additional Charges*

Defendant acknowledges that within the confines of a single case, adding additional charges does not rise to the level of vindictive prosecution. *United States v. Kent* 649 F.3d 906(9th Cir. 2011).  The threat of filing additional charges in the same case does not rise to the level of vindictiveness. *United States v. Noushfar*, 78 F.3d 1442 (9th Cir. 1996). Defendant further acknowledge that it is common in federal criminal practice for the prosecution to file superseding indictments in large cases.   However, neither of these rules absolve or excuse the government's actions in this case as the charges here are not filed in the same case.

*Unrelated Charges*

Finally, the government often meets the claim of vindictive prosecution with the response that the charges are unrelated, and thus there is no vindictiveness. *United States v. Martinez*, 785 F.2d 663 (9th Cir. 1986). This oft invoked prosecution claim was overruled in a more recent opinion, which held that the defendant did not have to establish that the second case was related to raise a claim of vindictive prosecution. *United States v. Jenkins*, 504 F.3d 694 (9th Cir. 2007). The facts and the pleadings in both cases illustrate that these cases are integrally related, and any attempt to say these cases are unrelated is not supported by the government's own pleadings. Per the Government, these two cases are related and inextricably intertwined as the government asserts in the 404(b) notice filed March 8, 2012 as document number #16 in case 12-174.

*Conclusion*

This is a parallel prosecution of the same defendant, for the same offense (18 U.S.C. 1343), in the same courthouse, with the same case agent, with potentially the same cooperating defendant's from 11-794 disclosed as possible prosecution witnesses in case 12-174. The prosecution told defense counsel that the disclosure material from case 11-794 covered what he needed for case 12-174.

In essence, these matters are not separate cases. They are integrally related and all a part of the same acts or transactions. There is no possible justification for these separate prosecutions. The second matter should have been inserted into the existing case by means of a superseding indictment.

1  For the foregoing reasons we ask this court to dismiss indictment
2  12-174.
3  RESPECTFULLY SUBMITTED this 7th day of June, 2012.
4  *s/Matthew C. Davidson*
   Matthew C. Davidson,
5  Attorney for
   Defendant
6
7  Copy of the foregoing
   served electronically
8  this 7th day of June,
   2012 to;
9
10 Assistant United States Attorney