Law Offices of
MATTHEW C. DAVIDSON, LTD.
1859 N. Grand Ave. Suite 1
Nogales, AZ, 85621
(520) 281-0433
Matthew C. Davidson, SBN 015021
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | NO. CR-12-00174-TUC-CKJ(GEE) |
| Plaintiff, | |
| vs. | MOTION TO DISMISS (Multiplitous Grounds) |
| DINO SISNEROS, | |
| Defendant. | |

It is expected that excludable delay under Title 18, USC Sec. (h)(1)(F), will occur as a result of this motion or of an order based thereon. Defendant, by and through counsel undersigned, and moves that certain charges in the above styled and numbered case be dismissed on the basis that the charges are multiplicitous in violation of the Fifth Amendment to the United States Constitution. This motion is supported by the accompanying Memorandum of Points and Authorities.

***Memorandum of Points and Authorities***

***Facts:***

In its last motion for reconsideration, the Government has conceded that that this is a single scheme to defraud multiple investors.  (page 1, lines 22-23 of the Government's motion for

-1-

reconsideration).  Defendant is currently charges with three counts of wire fraud and two counts of money laundering.

*Law:*

An indictment is multiplicitous if it charges a single offense in more than one count. United States v. Garlick, 240 F.3d 789, 793-94 (9th Cir.2001). "The test for multiplicity is whether each count 'requires proof of a[n additional] fact which the other does not.' " Id. At 794 (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (wording alteration added by *Garlick*). Multiplicitous charges raise the potential that a defendant may be subjected to double punishment. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Offenses are not the same, and therefore not multiplicitous, if each requires proof of a fact that the other does not. *Blockburger*, 284 U.S. at 304. However, the United States Supreme Court has concluded that lesser-included and greater offenses are the "same" offenses under the *Blockburger* test. *Brown v. Ohio,* 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

   A. Counts 1 through 5 Are Multiplicitous and Therefore Defective.

The statue at issue herein states:

> Whoever, having devised ... any scheme or artifice to defraud, or for obtaining money ... by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire ...communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shallbe [punished as provided by law].

18 U.S.C. § 1343 does not specifically require that a defendant be punished for each act in furtherance of a scheme to defraud.

Defendant contends that the government has charged offenses which amount to only a single violation of investor fraud.

Defendant is mindful that multiplicitous charges do not subject a defendant to double punishment as long as multiple punishments are not imposed. *see, United States v. Reed,* 639 F.2d 896 (2nd Cir. 1981). However, courts have recognized that it may be unduly prejudicial for a defendant to be formally charged with lesser included offenses as well as the greater offenses. The Courts have recognized prejudice in submitting to a jury separate charges where "each offense contains identical elements, where identical facts are used to support each charge, and where the only difference is in the name or number of the statute under which the charge is made." *State v. Bowie,* 119 Ariz. 336, 340, 580 P.2d 1190, 1194 (1978) (citing *State v. Hunt,* 2 Ariz. App. 6, 406 P.2d 208 (1965)). In *State v. Schwartz,* 14 Ariz. App. 531, 534, 484 P.2d 1060, 1063 (1971), the Court stated:

> [W]here the same totality of proof is relied upon by the state to support charges of three separate crimes, each of which has the same proof requirements, there might be some cumulative prejudicial effect in submitting all three charges to the jury.

Submitting the charges herein to the jury would have the prejudicial effect the Court was concerned about in *Schwartz* because the proof for the other offenses is no different factually from each of the other charged offenses.

For the foregoing reasons and the authorities cited hereinabove, dismissal of the multiplicitous charges is mandated.

RESPECTFULLY SUBMITTED this 28th day of August, 2012.

```
                                        s/Matthew C. Davidson
                                         Matthew C. Davidson,
                                         Attorney for
                                         Defendant

Copy of the foregoing
served electronically
this 28th day of August,
2012 to;


Assistant United States Attorney
```

-4-