Law Offices of
MATTHEW C. DAVIDSON, LTD.
1859 N. Grand Ave. Suite 1
Nogales, AZ, 85621
(520) 281-0433
Matthew C. Davidson, SBN 015021
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | NO. CR-12-0174-TUC-CKJ(GEE) |
| Plaintiff, | OBJECTIONS TO GOVERNMENT'S LATEST 404(b)/608(b) NOTICE |
| vs. | |
| DINO SISNEROS, | |
| Defendant. | |

Defendant, by and through counsel undersigned, files this objection to Government's Notice of Intent to Rely on Other Acts Pursuant to Rule 404(b) and for impeachment material under Rule 608(b). This objection to the government's proposed use of 404B material is supported by the following Memorandum of Points and Authorities.

*Memorandum of Points and Authorities*

*Facts:*

The Government has already indicated it wants to use a third of the pending 2011 indictment against the defendant. Now the Government wants to use Defendant's failure to file income taxes in their case to

-1-

further bludgeon the Defendant and demonstrate that…….he doesn't even file taxes!

For other bad act evidence to be admissible it must satisfy four criteria: To be admissible under Rule 404(b), evidence of prior acts and crimes must: (i) prove a material element of the crime currently charged; (ii) show similarity between the past and charged conduct; (iii) be based on sufficient evidence; and (iv) not be too remote in time. *United States v. Arambula-Ruiz*, 987 F.2d at 602.

Plainly, not filing taxes has nothing to do with the loans at issue. All it serves to do is tell the jury….."this guy is so bad…..so wrong….that he doesn't even pay taxes." Same can't be admissible under 404 A, inadmissible character evidence. Not paying taxes serves no probative value for the case at bar. It will, undoubtedly inflame the jury to no end. Prejdicial effect substantially outweighs any probative value. The case cited by the Government, where individuals **lied on their tax returns** have no bearing here. Obviously, not a single Ninth Circuit case has been cited.

Likewise, the failure to file taxes is not admissible under FRE Rule 608(b). Federal Rules of Evidence Rule 608 provides in relevant part:

Rule 608. Evidence of Character and Conduct of Witness

(a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked

by opinion or reputation evidence or otherwise.

(b) Specific instances of conduct. Specific instances of
the conduct of a witness, for the purpose of attacking or
supporting the witness' character for truthfulness, other
than conviction of crime as provided in rule 609, may not
be proved by extrinsic evidence. They may, however, in the
discretion of the court, if probative of truthfulness or
untruthfulness, be inquired into on cross-examination of
the witness (1) concerning the witness' character for
truthfulness or untruthfulness, or (2) concerning the
character for truthfulness or untruthfulness of another
witness as to which character the witness being cross-
examined has testified.

The judiciary notes to the Rule give further insight:

(2) Particular instances of conduct, though not the subject
of criminal conviction, may be inquired into on cross-
examination of the principal witness himself or of a
witness who testifies concerning his character for
truthfulness. Effective cross-examination demands that some
allowance be made for going into matters of this kind, but
the possibilities of abuse are substantial. Consequently
safeguards are erected in the form of specific requirements
that the instances inquired into be probative of
truthfulness or its opposite and not remote in time. **Also,
the overriding protection of Rule 403 requires that
probative value not be outweighed by danger of unfair
prejudice, confusion of issues, or misleading the jury, and
that of Rule 611 bars harassment and undue embarrassment.**

The notes further indicate:

While it is true that an accused, unlike an ordinary
witness, has an option whether to testify, if the option
can be exercised only at the price of opening up inquiry as
to any and all criminal acts committed during his lifetime,
the right to testify could scarcely be said to possess much
vitality. In *Griffin v. California*, 380 U.S. 609, 85 S.Ct.
1229, 14 L.Ed.2d 106 (1965), the Court held that allowing
comment on the election of an accused not to testify
exacted a constitutionally impermissible price, and so
here. While no specific provision in terms confers
constitutional status on the right of an accused to take
the stand in his wn defense, the existence of the right is
so completely recognized that a denial of it or substantial
infringement upon it would surely be of due process
dimensions. See *Ferguson v. Georgia*, 365 U.S. 570, 81 S.Ct.

      756, 5 L.Ed.2d 783 (1961); McCormick §131; 8 Wigmore §2276
      (McNaughton Rev. 1961). In any event, wholly aside from
      constitutional considerations, the provision represents a
      sound policy.

      Here, there is no evidence of untruthfulness at all.  The "instance" **is not filing taxes**.  A false return would be a different story. In *United States v. Moore*, 2011 U.S. Dist. LEXIS 66257 (ED VA 2011), the court applied this rule in a criminal tax case. The defendant, Moore, was indicted for alleged tax crimes related to his income and reporting from a so-called "gentlemen's club." Former club employees testified.  Some had filed false tax returns.  Some had failed to file tax returns.  Moore wanted to cross examine all the witnesses in reference to their tax issues.  The court in Moore ruled during trial that filing a false return —in this context, failing to report tips received while working at the Velvet — fell within the general rubric of character for untruthfulness because the tax return is filed under penalty of perjury. Thus, making a false statement about income on a tax return is probative of character for untruthfulness. However, Moore offered no authority, nor could the Court locate any case or treatise, that supported the position that failing to file a return was probative of character for untruthfulness under Rule 608(b).  The "instance" of failing to file was precluded. *Moore*, *id.*

      Clearly, such evidence is not admissible nor has the Government offered a scintilla of evidence to support their 608 position.

1   Wherefore, Defendant requests that all tax information
2   about the Defendant be precluded.
3
4   RESPECTFULLY SUBMITTED this 7th day of September, 2012.
5
6                                       *s/Matthew C. Davidson*
                                          Matthew C. Davidson,
7                                         Attorney for
                                          Defendant
8
9   Copy of the foregoing
    served electronically
    this 7th day of September,
10  2012 to;

11  Jonathan B. Granoff
    Assistant United States Attorney
12