Law Offices of
MATTHEW C. DAVIDSON, LTD.
1859 N. Grand Ave. Suite 1
Nogales, AZ, 85621
(520) 281-0433
Matthew C. Davidson, SBN 015021
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | Case NO. CR-12-0174-CKJ(LAB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | MOTION TO SUPPRESS STATEMENTS |
| vs. | ) | |
| | ) | |
| DINO SISNEROS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, by and through his attorney undersigned, hereby moves to suppress all statements allegedly made by him to police officers on the following grounds:

1. All statements made by the defendant were obtained in violation of his Fifth and Sixth Amendment rights as defined by the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966); and

2. All such statements were involuntary and are therefore inadmissible for any purpose. Mincey v. Arizona, 437 U.S. 385, 93 S.Ct. 2408, 57 L.Ed. 2d 290 (1978).

The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities which is attached hereto and incorporated herein by reference.

***MEMORANDUM OF POINTS AND AUTHORITIES***

***Facts:***

On June 14, 2007, a search warrant was executed at Defendant's residence.  Many Federal Agents were present, including the case agent Kylie Flick.  Defendant and his wife were separated for questioning. Flick and another agent dealt with Mrs. Sisneros.  Mrs. Sisneros demanded to speak to their lawyer, Rick Lougee.  Flick would not allow her to use her cell phone.  Agent Flick's phone was used to contact Lougee.  Lougee conveyed to Flick, "don't talk to my clients."  Lougee conveyed to Melissa Sisneros to cooperate with the search warrant, but not to say anything.  Mrs. Sisneros, at that point, went to the area of her husband's interrogation, the dining room.  Her husband was being interrogated by three IRS agents, upon information and belief. She indicated that she had just spoken to **their lawyer** and that he said to cooperate with the search, **but no to say anything.** Nonetheless, Sisneros was asked if he wanted to stop, or answer more questions.  Defendant made a statement.

***Arguments:***

1) ***The Government failed to scrupulously honor Mr. Sisneros' invocation of his constitutional rights.***
2) ***Any waiver of Miranda was not knowing, intelligent and voluntary.***
3) ***Any statements given by Mr. Sisneros were not voluntary and in violation of his Fifth Amendment rights.***

In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966), the United States Supreme Court held that before the Government will be allowed to admit statements obtained from a criminal defendant as a result of custodial interrogation, the

Government must demonstrate that the defendant was advised of, and knowingly waived, all of his constitutional rights. These rights include the defendant's right to remain silent as well as the right to consult with counsel prior to and during questioning. Absent a showing that the defendant was advised of, and knowingly waived, all of these rights prior to questioning, no statements made by an accused as a result of custodial interrogation may be admitted.

Under the *Miranda* doctrine, however, "a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda,* 384 U.S. at 475. Thus, the inquiry into the statement's admissibility does not end, even when the government claims that the accused waived her *Miranda* rights. Rather, "the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Also, "the waiver must have been made with a full awareness, both of the nature of the right to be abandoned and consequences of the decision to abandon it." *Id.*

Under the Miranda doctrine, "[i]f the individual indicates in **any manner**, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Miranda*, 384 U.S. at 473-74. Also, "[i]f the individual states that he wants an attorney, the interrogation must cease until an attorney is present." ***Id.*** Once counsel is requested, officers cannot comply with *Miranda* by simply permitting the accused to speak with an attorney outside the

interrogation room. *See Minnick v. Mississippi*, 498 U.S. 146, 152 (1990). Rather, *Edwards* requires that officials not reinitiate interrogation without counsel present, notwithstanding the presence of any opportunity of the defendant to consult with counsel. *See id.* at 153. Moreover, the law imputes knowledge of an invocation of the right to counsel to all law enforcement officers who have contact with the accused. *See Arizona v. Roberson*, 486 U.S. 675, 687-88 (1988); *U.S. v. Covington*, 783 F.2d 1052, 1055 (9th Cir. 1985); *U.S. v. Scalf*, 708 F.2d 1540, 1544-45 (10th Cir. 1983).

When an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to police-initiated interrogation after being again advised of his rights. An accused, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation until counsel has been made available to him, unless the accused has himself initiated further communication, exchanges, or conversations with the police. *Edwards v. Arizona*, 451 U.S. 477 (1981).

Most important, authorities must "scrupulously honor" the suspect's right to cut off questioning. *United States v. Lopez-Di*az, 630 F.2d 661, 664 (9th Cir. 1980).

### *Application*

Here, Defendant and his wife not only invoked Counsel. They called him. They spoke to him. The invocation of Counsel is clear. Second, their lawyer said to not speak with the police. That

-4-

information was relayed to the interrogating officers.  At that point, all questioning should have stopped.

The government may make no use of a waiver, or any other statement, involuntarily obtained from a defendant in violation of the Fifth Amendment, *Mincey v. Arizona*, 437 U.S. 385, 398 (1977). The government must prove, in addition to formal compliance with Miranda, that any incriminating statement obtained from the defendant was given voluntarily. *Lego v. Twomey*, 404 U.S. 477, 484 (1972); *Commonwealth v. Mendiola*, 976 F.2d 475 (9th Cir. 1992).  A defendant may be properly warned and freely waive as required under Miranda, yet ultimately be coerced into making a confession. *United States v. Fouche*, 776 F.2d 38 (9th Cir. 1985). See also *Oregon v. Elstad*, 105 S. Ct. 1285, 1298 (1985) (ultimate test of admissibility is always the entire course of police conduct leading to statement) and *Jackson v. Denno*, 378 U.S. 368, 376 (1964).

### Conclusion

Defendnat clearly invoked his right to counsel and his right to remain silent.  The court should therefore order that those statements be suppressed for all reasons. *Mincey v. Arizona*, *supra*.

RESPECTFULLY SUBMITTED this 11th day of September, 2012.

*s/Matthew C. Davidson*
Matthew C. Davidson,
Attorney for
Defendant

Copy of the foregoing
served electronically
this 11th day of
September, 2012 to;

Assistant United States Attorney