**JOHN S. LEONARDO**
United States Attorney
District of Arizona
**Jonathan B. Granoff**
Assistant United States Attorney
405 W. Congress, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
jonathan.granoff@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| United States of America, | CR 12-0174-TUC-CKJ (LAB) |
|---|---|
| Plaintiff, | **GOVERNMENT'S MOTION FOR PRE-TRIAL COMPLIANCE WITH TRIAL SUBPOENA** |
| v. | |
| Dino Sisneros, | |
| Defendant. | |

Now comes the United States, by and through its undersigned attorney, to request, pursuant to Fed. R. Crim. P. 17(c), that the Court order the following entities: J.P. Morgan Chase Bank, N.A. and Cash Time Title Loans, Inc. to produce, prior to trial, the documents requested in the attached subpoenas.[1]  The Government requests pre-trial disclosure so that the documents may be analyzed and disclosed to the defense prior to trial, which is currently set for October 23, 2012.  In support of this motion, the Government states as follows:

---

[1] The subpoenas will be served for these documents as soon as possible.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 17(c) of the Federal Rules of Criminal Procedure provides, in pertinent part:

> A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

To obtain production prior to trial under Rule 17(c), the moving party must show (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition. United States v. Nixon, 418 U.S. 683, 699-700 (1974).

Attached Trial Subpoenas (Exhibit A) [2]:

The defendant has been charged by indictment for his involvement in an investment fraud scheme. The defendant is also charged with transactional money laundering. The defendant generally informed the victims that if they provided the defendant money, it would be used to invest in real estate. Instead of investing in real estate, the defendant used large portions of the victims' money for his own personal use. The government has already obtained numerous documents and bank records that demonstrate how the defendant used the victims' funds that

---

[2] The subpoenas have been redacted.

2

were provided to the defendant. However, the case involves over two thousand transactions that were conducted after the defendant received the victims' money.

The government seeks pre-trial compliance with the attached subpoena to J.P. Morgan Chase Bank for the following reasons. First, the government has already received the loan files set forth in the subpoena from separate entities that are no longer in business. It is believed that J.P. Morgan may have assumed custody of these loan files from these entities. The subpoena requests the same loan files be produced by J.P. Morgan Chase Bank. The government will also request a custodian of records affidavit so the documents may be introduced without the testimony of a live witness. The government seeks this subpoena in advance of trial to save the expense and time of producing the witness for trial. Additionally, this subpoena requests payment records for the various loans. This request is made because the defendant used portions of the victims' funds he received to pay the various mortgages. The payment records request is sought to obtain more specific information relating to these payments.

Additionally, an attached subpoena directed to Cash Time Title Loans, is requested. The evidence will demonstrate that, using a portion of the victims' funds, the defendant made payments to Cash Time for loans relating to various vehicles. The subpoena to Cash Time requests more specific information relating to these payments.

These subpoenas are clearly relevant to the investment fraud scheme. At this time, because this case has been indicted, the government cannot obtain the above documents using a grand jury or an administrative subpoena. Further, the production of the documents in advance of trial

would be beneficial to both parties and the court. If the documents are produced in advance of trial, any objections as to their admissibility can be dealt with prior to trial. Furthermore, production of the documents in advance of trial would prevent delays at trial that would undoubtedly occur if the parties first see the documents while the custodial witness is testifying.

For the reasons stated above, the Government requests that the Court order the above-entities to produce the items requested in the subpoenas by October 9, 2012. It is further requested that once the documents are provided to the court, that the U.S. Attorney's Office be allowed to maintain custody of the documents on the condition that defense counsel is provided a copy of the documents.

RESPECTFULLY SUBMITTED this 25th day of September, 2012

JOHN S. LEONARDO
United States Attorney
District of Arizona

*Jonathan B. Granoff*
Jonathan B. Granoff
Assistant U.S. Attorney

Copy of the foregoing provided electronically
this 25th day of September, 2012 to:

Matthew Davidson, Esq.
Counsel for the Defendant

4