Kimminau Law Firm, PC
109 East Mabel Street
Tucson, AZ  85705
(520) 887-7816
State Bar No. 012229

Chris J. Kimminau, Esq.
Attorney for Dino Sisneros

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos.:  CR 12-0174-TUC-CKJ (LAB) |
| Plaintiff, | |
| vs. | **MOTION TO DISMISS COUNTS 4 & 5** <br> **(Money Laundering Counts)** |
| DINO SISNEROS, | Assigned to Hon. Cindy Jorgenson |
| Defendant. | |

Comes now Defendant, DINO SISNEROS, by and through his attorney, undersigned, and hereby moves to dismiss Counts 4 & 5 of the indictment (money laundering).  This motion is supported by the following memorandum of points and authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

*Procedural History*:

On January 19, 2012, Defendant was indicted for five counts of alleged misconduct consisting of three counts of wire fraud in violation of 18 U.S.C. § 1343 (counts 1-3) and two counts of transactional money laundering in violation of 18 U.S.C. § 1957 (counts 4 & 5). Paragraph 3 of the indictment was stricken by this Court's order of 8/20/12.  As to counts 4 & 5, paragraph 10 of the indictment states, in relevant part, "On or about the dates set forth below…the defendant did knowingly and willfully engage in a monetary transaction…in criminally derived property…such property having been derived from specified unlawful activity, that is Wire Fraud…when at the time the defendant conducted such monetary

1

transaction, the defendant had knowledge that such property had been derived from specified unlawful activity."

The "specified unlawful activity, that is Wire Fraud," is the precise wire fraud alleged in paragraph 7 of the indictment, as more specifically set out in part of paragraph 9 of the indictment: in other words, the $100,000 wired from the alleged the victim's bank in Denver, CO to Defendant's attorney's Wells Fargo trust account in San Francisco, CA on March 13, 2013 (Count 2) the $150,000 wired from the alleged the victim's bank in Denver, CO to Defendant's attorney's Wells Fargo trust account in San Francisco, CA on March 17, 2008 (Count 3).  The act of money laundering in count 4 is alleged to be Defendant's negotiating an $81,985 check from his lawyer's trust account on March 14, 2008.  The act of money laundering in count 5 is alleged to be Defendant's March 17, 2008 deposit of a $109,000 check received from his lawyers trust account   Restated, the alleged transactional money laundering in count 4 stems from the alleged wire fraud transaction of count 2 and the alleged transactional money laundering in count 5 stems from the alleged wire fraud transaction of count 3.

Significantly, the $81,985 check negotiated in count 4, is part of but less than all of the $100,000 in funds wired in count 2.  Similarly, the $109,000 check deposited in count 5 is part of but less than all of $150,000 in funds wired in count 3.  So, the government is alleging part of the exact funds which were "wired," were also "laundered."  Since the laundered funds were derived from the wired funds, the specified criminal activity that formed the basis for the money laundering charges was the same criminal activity that formed the basis of the wire fraud charges.

*Law and Argument:*

COUNTS 4 AND 5 MUST BE DISMISSED BECAUSE THEY ARE NOT SUPPORTED BY SPECIFIED UNLAWFUL ACTIVITIES SEPARATE FROM THE ACTS CONSTITUTING THE PREDICATES FOR THE WIRE FRAUD CHARGED IN COUNTS 2 AND 3.

This case is on all fours with U.S. v. Howard, 245 F.Supp.2d 24 (2003). Both cases involved five-count indictments. Counts 1-3 in both cases involved wire and/or mail fraud and counts 4 & 5 involved money laundering. In both cases, the same money which was transferred in by wire/mail was also alleged to be laundered. There, the Government conceded, as it must here, "the money laundering counts were not supported by specified unlawful activities separate from the acts that constituted the predicates for one of the mail and the wire fraud charges." Id., 28. In granting a post-trial motion for judgment of acquittal, the Court explained:

> The specified unlawful activity that the jury concluded was the source of the funds the defendant laundered were also the same funds that formed the basis for the commission of two of the other counts of the indictment (i.e., one of the mail fraud counts and the wire fraud count). Although the Court denied the defendant's motion to dismiss the money laundering counts prior to the start of the trial, it warned the government at that time that it would have to prove at trial that the laundered funds were acquired independent from the funds that were the subject of the mail and wire fraud activity as charged in those counts of the indictment.
> The government concedes that 'the specified unlawful activities [,as found by the jury,] are not distinct from the money laundering transactions[,and therefore,]... the verdict as returned by this jury is inconsistent with the Court's ruling in [its] Memorandum Opinion.

The Court reasoned:

> [B]ecause the jury's findings did not identify specified unlawful activities from which funds were acquired by the defendant that are distinct from the alleged money laundering activities, the convictions on those two counts cannot stand. *See* Seward 272 F.3d at 836 ("The transaction or transactions that created the criminally-derived proceeds must be distinct from the money laundering transaction because the money laundering statutes criminalize 'transactions in proceeds, not the transactions that create [ ] the proceeds.'" (quoting United

3

States v. Mankarious, 151 F.3d 694, 705 (7th Cir.1998))); United States v. McGahee, 257 F.3d 520, 528 (6th Cir.2001)(reversing defendant's money laundering conviction where the court found that "diverting the funds were part and parcel of the fraud and theft, and were not a separate act completed after the crime, as required under the money laundering statute.") (citations omitted); United States v. Butler, 211 F.3d 826, 830 (4th Cir.2000)(holding that to establish a money laundering offense "the laundering of funds cannot occur in the same transaction through which those funds first become tainted by crime.")

Here, even if all the Government's allegations are assumed to be true, as in Howard, "the funds were part and parcel of the fraud…and were not a separate act completed after the crime, as required by the money laundering statute."

Howard and the instant case are to be contrasted with U.S. v. Rodgers, 321 F.3d 1226 (2003), cited by this Court in denying Defendant's Motion to Dismiss counts 4 and 5 as "multiplicitous." In Rodgers:

> Although the defendant went to trial on two counts of mail fraud, he was convicted on only one count that related to the mailing of a cashier's check for $5,000. The money laundering counts related to the shuffling between accounts of **much larger amounts** of funds coming from the overall contributions to the Ponzi scheme.

Id., 1229 (emphasis added).  And that's the rub; the laundering was of monies in addition to the monies derived from the mail fraud charged in the case.  Here, the alleged laundering is of the exact same funds derived from the alleged wire fraud, though less than all of the total funds.

Based on the above facts and authority, counts 4 and 5 are legally unsound and must be dismissed.

RESPECTFULLY submitted this 4th day of June, 2013

/x/ Chris J. Kimminau

_____
Chris J. Kimminau, Attorney for Dino Sisneros

4

Copy of foregoing electronically filed and mailed this 4th day of June, 2013 to:

Jonathan B. Granoff
Assistant United States Attorney
405 West Congress Street
Suite 4800
Tucson, AZ  85701-5040