Kimminau Law Firm, PC
109 East Mabel Street
Tucson, AZ  85705
(520) 887-7816
State Bar No. 012229

Chris J. Kimminau, Esq.
Attorney for Dino Sisneros

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>vs.<br><br><br>DINO SISNEROS,<br><br>                    Defendant. | Case Nos.:  CR 12-0174-TUC-CKJ (LAB)<br><br>**MOTION FOR JUDGMENT OF ACQUITTAL**<br><br>Assigned to Hon. Cindy Jorgenson |

Comes now Defendant, DINO SISNEROS, by and through his attorney, undersigned, and pursuant to Rule 29(c) of the Federal Rules or Criminal Procedure, hereby moves this Court to enter a Judgment of Acquittal on all counts of the indictment as supported by the following memorandum of points and authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### *Procedural History*:

Defendant was indicted for five counts of alleged misconduct and tried before this Court from June 6, 2013 to June 25, 2013.  He was charged with three counts of wire fraud under 18 U.S.C. 1343 and two counts of transactional money laundering under 18 U.S.C. 1957.  The jury returned guilty verdicts on all five counts.  He timely requested extensions of his deadline to file post trial motions, which were granted.  This motion is timely based on the Court's August 8, 2013 order.

*Law and Argument:*

Though a Rule 29 motion requires the Court to determine the sufficiency of the evidence in the light most favorable to the government, when so viewed, if the evidence yields "equal or nearly equal support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt" and the Court should enter an acquittal.[1] Based on this standard, this Court should enter acquittals, as argued below, on all counts.

I. A JUDGMENT OF ACQUITTAL MUST BE ENTERED ON ALL COUNTS BECAUSE THE USE OF WIRES WAS NOT AN ESSENTIAL PART OF THE ALLEGED FRAUD.

Mail fraud under 18 USC 1341 and Wire Fraud under 18 USC 1343 "are *in pari materia* and are to be given similar construction."[2] Critically, "not every tangential use of the mails (or wires) in essentially local fraud cases make them into federal issues." United States v. Chason, 451 F.2d 301, 303 (2d Cir. 1971). Yet, every one of the "victims" named in the indictment was a Pima County resident at the time each loaned money to the defendant.[3] At best, this case is little more than a "local fraud case," with "tangential use" of wires.

Pointedly, the Supreme Court has observed, "only if the mailings…, as we said in Pereira v. United States, 347 U. S. 1, 8, were 'incident to an essential part of the scheme,' do they fall within the ban of the federal mail fraud statute."[4] In none of the counts here was the actual or foreseeable use of a wire "incident to an essential part" of defendant's conduct. It would be a great reach to suggest otherwise. In fact, that defendant received money by wire was not only merely "incident" to his conduct, the use of a wire was utterly immaterial to his conduct.

---

[1] U.S. v. Glenn and Thompson, 312 F.3d 58, 70 (2nd Cir.2002)
[2] U.S. V. Cusino, 694 F. 2d 185 (9th Cir.1982)
[3] The only witness who loaned money the defendant who was not from Tucson was David Stone, of California, but he was not named as a victim in the indictment. *See* Documents 1 and 167
[4] Parr v. United States, 363 U.S. 370, 390, 80 S. Ct. 1171, 4 L. Ed. 2d 1277 (1960)

Because the evidence irrefutably fails to show the use of wires was "incident to an essential part" of the alleged fraud, he is entitled to a judgment of acquittal on all counts.

As one court commented, "It is not essential that appellants placed the ad that caused the letter to be mailed; it is only essential that appellants were a part of a scheme *that envisioned using* the mail."[5] In a case like this, there must be, but was wholly lacking, evidence introduced by the government demonstrating Defendant had a scheme "envisioning the use of" wires. It is clear from a review of Jerry Laney[6] and the Rodgers'[7] testimony, the use of wires was neither required nor even contemplated by defendant in counts two or three. Further, though Defendant was aware of the use of wires in the count one, the scheme didn't "envision" their use, nor was their use an "essential part" of the scheme. Their use was merely tangential.

Moreover, reviewing the critical term "causing" the mails to be used, an essential element of both mail and wire fraud, the Ninth Circuit has observed, "one 'causes' a mailing for purposes of 18 U.S.C. § 1341 if one acts with the knowledge that the use of the mails *will follow* in the ordinary course of business."[8] In all three wire fraud counts, the agreement of Tucson Retirement, LLC and the Rodgers to loan money to defendant was already made prior to those entities deciding to use wire transfers. The essential acts—communicating about prospective loans; coming to an agreement loans would be offered and accepted—were accomplished without interstate wires. Defendant did not "**act** with knowledge the use of [wires] will follow in the ordinary course of business," because he already acted; the alleged victim's merely wired

---

[5] U. S. v. Jackson, 536 F.2d 628, 631 (5th Cir. 1976) (Emphasis added).
[6] Document 254
[7] Document 204 (Dian Rodgers) and Document 209 (John Rodgers)
[8] U.S. v. Jones, 712 F.2d 1316, 1320 (9th Cir. 1983).

3

money for their own convenience.  Therefore, evidence being wholly lacking Defendant "caused" a wire to be used, judgments of acquittal must be entered on all counts.

> II.     SINCE THE TRIAL WAS DEVOID OF ANY EVIDENCE WHATSOEVER DEFENDANT KNEW OR COULD REASONABLY FORESEE THE RODGERS MONEY WAS TO BE WIRED, JUDGMENT OF ACQUITTAL MUST BE ENTERED ON COUNTS 2-5.

It is indisputable the record is devoid of evidence the money wired in Counts 2-5 (hereafter, the "Rodgers money,") to Jerry Laney's trust account was done with any actual knowledge of the defendant.  Thus, this Court properly instructed the jury (Document 234, page 20), "A wiring is caused when one knows that the wiring will be used in the ordinary course of business or when one can reasonably foresee such use."  Such actual knowledge or reasonable foreseeability is a critical element of wire fraud and mail fraud.

Under a plain reading of 18 USC 1343, the federal government is only permitted to criminalize fraud if interstate wires are used.  Similarly, transactional money laundering is only a federal crime if the money has moved interstate.  Mail fraud under 18 USC 1341 and Wire Fraud under 18 USC 1343 "are *in pari materia* and are to be given similar construction."[9]  Thus, the decision of Glenn v. United States[10] is instructive.  There, the Court determined, "if the only use of the mails caused by their fraudulent conduct had been ***unanticipated and incidental***, they would not have violated the mail fraud statute." [11]  For it to be a federal crime, the "scheme…must have ***reasonably contemplated*** a use of the mails."[12]  Here, there was absolutely no evidence Defendant "reasonably contemplated" the Rodgers money would be received by use

---

[9] U.S. V. Cusino, 694 F. 2d 185 (9th Cir.1982)
[10] 303 F.2d 536 (5th Cir.1963) (emphasis added)
[11] Id., 538 (emphasis added)
[12] Id. (internal quotation marks omitted; emphasis added)

4

of wires. On the contrary, it is clear the wire transfers were merely "incidental" both to the Rodgers' investment and defendant's conduct.[13]

### III. JUDGMENT OF ACQUITTAL MUST BE ENTERED ON COUNT ONE BECAUSE THE GOVERNMENT FAILED TO PROVE THE MATERIAL ALLEGATION "T.W. LOANED THE DEFENDANT…A TOTAL OF $375,000.00…T.W. WIRED $140,000.00 IN INTERSTATE COMMERCE…RELATING TO THE INVESTMENT LOAN PROVIDED BY VICTIM T.W."

The above quoted language comes directly from paragraphs 4 and 9 of the indictment, which are the two operative paragraphs relating to alleged wire fraud involving "victim," Todd Wolff. The trial testimony and trial exhibits established unequivocally the $140,000.00 wired as described in count one was the money not of Todd Wolff but of a limited liability company: Retirement Tucson, LLC. Document 180, TRANSCRIPT of JURY TRIAL - DAY 1 TESTIMONY OF TODD WOLFF (Hereafter, "TR-Wolff1") 55:24-56:18. Exhibit 1, Promissory Note between Retirement Tucson, LLC and Dino Sisneros. Wolff was merely the agent of Retirement Tucson, LLC. A fortiori, T.W. ("Todd Wolff") and Tucson Retirement, LLC are distinct legal entities.

The indictment was never amended to substitute "Tucson Retirement, LLC" for "T.W." In fact, an indictment, unlike an information, may not be amended under Rule 7 of the Federal Rules of Criminal Procedure, except as to matters of form.[14] Substantive changes can only be made by resubmission to the grand jury.[15] Constructive amendments are not permitted.[16]

---

[13] The trial testimony of Diane Rodgers (Document 204), John Rodgers (Document 209) and Jerrey Laney (Document 255) have been scoured, as have the Exhibits related to the Rodgers money. Nothing can be gleaned suggestive Defendant had any knowledge, awareness or anticipation the money to be loaned to him would be wired from out-of-state. In its response, the Government must be required to point to places in the record where the jury could have fairly have inferred Defendant had either actual knowledge of the wire transfers or that wire transfers were reasonably foreseeable vis a vis the Rodgers' loans.
[14] U.S. v. Wellington, 754 F.2d 1457, 1462 (9th Cir.1985)
[15] Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)
[16] Stirone v. United States, 361 U.S. 212, 215, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)

An indictment serves three purposes:

(1) to enumerate the charges faces and their elements;

(2) to inform the defendant of the charges faced; and

(3) to establish, for future double jeopardy purposes, the basis for acquittal or conviction.[17]

In this case, the indictment did not inform Mr. Sisneros he needed to meet evidence and defend against monies wired by Tucson Retirement, LLC, which is clearly a different "victim" than T.W.. Further, "constructive amendments," altering essential elements of the indictment thereby allowing the jury to convict the defendant of an offense different from or in addition to the offense charged in the indictment," are impermissible.[18] Though the cases are ample which permit an amendment to correct a misnomer of either the defendant or a victim,[19] Defendant found no authority permitting the substitution of one entity for another as a victim.

A constructive amendment is per se reversible error.[20] If the basis for conviction is broadened from that which appeared in the indictment, a constructive amendment has occurred.[21] That is what happened here: defendant was indicted by the grand jury with defrauding T.W. through a wire transfer when the Government's evidence showed it was Retirement Tucson, LLC which owned and wired the money. Defendant was never placed in jeopardy *vis a vis* Retirement Tucson, LLC, yet he met and defeated the allegation he defrauded

---

[17] U.S. v. Pirro, 212F.3d 86, 91 (2d Cir.2000); U.S. v. Schmitz, 634 F.3d 1247, 1259 (11th Cir.2011)
[18] United States v. Buchanan, 574 F.3d 554, 564 (8th Cir.2009); United States v. Hartz, 458 F.3d 1011, 1019-20 (9th Cir.2006); United States v. Milestone, 626 F.2d. 264, 269 (3rd Cir.1989).
[19] U.S. v. Perez, 776 F.2d 797 (9th Cir.1985); U.S. v. Johnson, 741 F.2d 1338 (11th Cir.1984); U.S. v. McGrath, 558 F.2d 1102 (2nd Cir.1977)
[20] Hartz, *supra*; U.S. v. Mueffelman, 470 3d 33, 37 (1st Cir.2006).
[21] U.S. v. McKee, 506 F.3d 225, 229 (3rd Cir.2007).

T.W.. How is he now to be protected against a new indictment of wire fraud against Retirement Tucson, LLC?

Based on the above facts and authority, the Court must enter a judgment of acquittal on Count One.

IV.     CONCLUSION:

A review of the evidence, as set forth in sections I-III, above, yields "equal or nearly equal support to a theory of guilt and a theory of innocence," meaning "a reasonable jury must necessarily (have) entertained a reasonable doubt." Though it is not this Court's responsibility to *weigh* the evidence as it was a fact finder, it must *analyze* the evidence for sufficiency under the law. Defendant has demonstrated he is legally entitled to judgments of acquittal on all five counts and the Court must so order.

RESPECTFULLY submitted this 15th day of August, 2013

/x/ Chris J. Kimminau

_____
Chris J. Kimminau, Attorney for Dino Sisneros

Copy of foregoing electronically filed and served
this 15th day of August, 2013 to:

Jonathan B. Granoff
Assistant United States Attorney
405 West Congress Street
Suite 4800
Tucson, AZ  85701-5040