**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DINO SISNEROS, ) <br> ) <br> Defendant. ) <br> _____ ) | No. CR 12-174-TUC-CKJ <br><br> **ORDER** |

Pending before the Court are the Motion for Judgment of Acquittal (Doc. 265) and the Motion for New Trial (Doc. 266). The government has filed a response. On September 13, 2013, the parties presented oral argument to the Court. The Court denied the motions and advised the parties a formal order would be issued.

*Motion for Judgment of Acquittal*

Fed.R.Crim.P. 29(c) (1) provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." A court is to view the evidence in the light most favorable to the prosecution and evaluate whether any rational juror could have concluded that the elements of the crimes were proved beyond a reasonable doubt. *See United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). The government need not provide direct evidence of all elements of the crime; circumstantial evidence and reasonable

inferences drawn therefrom can be sufficient to sustain a conviction. *United States v. Cordova Barajas*, 360 F.3d 1037 (9th Cir. 2004); *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir.1992).

*Use of Wires as an Essential Part of the Fraud*

Defendant Dino Sisneros ("Sisneros") asserts that "not every tangential use of the mails (or wires) in essentially local fraud cases make them into federal issues." *United States v. Chason*, 451 F.2d 301, 303 (2d Cir. 1971). He asserts that the use of wires in this case was not an essential part of the alleged fraud and was not incident to an essential part of the scheme. Sisneros asserts the government did not present evidence demonstrating Sisneros had a scheme "envisioning the use of" wires as to any of the counts. More specifically, Sisneros asserts that although he was aware of the use of wires in count one, the scheme did not "envision" their use, nor was their use an essential part of the scheme. Sisneros also asserts that the testimony of Jerry Laney and the Rodgers' testimony establishes that the use of wires was neither required nor even contemplated by Sisneros in counts two or three. Sisneros points out that the Ninth Circuit has observed "one 'causes' a mailing for purposes of 18 U.S.C. § 1341 if one acts with the knowledge that the use of the mails will follow in the ordinary course of business." *United States v. Jones*, 712 F.2d 1316, 1320 (9th Cir. 1983). Sisneros asserts that the essential acts — communicating about prospective loans; coming to an agreement loans would be offered and accepted — were accomplished without interstate wires and that he did not act with knowledge the use of [wires] will follow in the ordinary course of business, because he already acted.

However, the Ninth Circuit has stated "[i]n general, to be in furtherance of a scheme, the charged mailing or wire transmission need not be an essential element of the scheme, just a 'step in the plot.'" *United States v. Garlick*, 240 F.3d 789, 795 (9th Cir. 2001), *quoting Schmuck v. United States*, 489 U.S. 705, 711 (1989). Indeed, the Ninth Circuit has stated that "[a] wire communication is "in furtherance" of a fraudulent scheme if it is "incident to the

- 2 -

execution of the scheme." *United States v. Jinian*, — F.3d —, 2013 WL 3802305 (9th Cir. 2013), *quoting United States v. Lo*, 231 F.3d 471, 478 (9th Cir.2000),

As pointed out by the government, the evidence established Sisneros defrauded almost $1 million dollars from the victims and $390,000 of these fraudulently obtained funds were wired to either his account or his lawyer's account. The use of wires allowed Sisneros to access large portions of the money subject to the fraud.

The evidence presented at trial established Sisneros knew the wires would be use in count one. Furthermore, as to counts one through three, the other act/inextricably intertwined evidence provides a reasonable inference that Sisneros knew the use of wires was common to transfer funds.

*Knowledge Regarding Counts Two through Five*

Sisneros asserts there was no evidence that Sisneros knew or could reasonably foresee the wires would be used with the Rodgers' funds. Sisneros argues that the use of wires could not have been reasonably contemplated. *Glenn v. United States*, 303 F.2d 536 (5th Cir.1963). The cases relied upon by Sisneros are not recent. The jury could reasonably conclude the normal course of business in the current electronic age would make the use of wires reasonably contemplated and foreseeable. The use of wires is especially reasonably contemplated and foreseeable in light of evidence that wires were used in other transactions.

*Sufficiency of Evidence that T.W. Loaned Sisneros Money*

Sisneros argues the government did not prove T.W. loaned him money. This argument addresses the distinction between Todd Wolff and Retirement Tucson, LLC. As pointed out by the government, an identifiable victim is not an element of wire fraud. *See e.g., United States v. Crawford*, 239 F.3d 1086, 1092-1093 n.6 (9th Cir. 2001). However, the government did allege a specific victim in the indictment. Nonetheless, Wolff testified

- 3 -

1  he is the LLC and the money invested was his money; this establishes proof that Sisneros had
2  defrauded T.W.

3  Sisneros' argument that he could still be charged with a wire fraud alleging
4  Retirement Tucson, LLC, as a victim raises principles similar to the issue of duplicity. An
5  indictment is duplicitous when two or more distinct and separate offenses are joined in a
6  single count. *United States v. Ramirez-Martinez*, 273 F.3d 903 (9th Cir. 2001). The Ninth
7  Circuit Court of Appeals has stated that the indictment itself has to be looked at to determine
8  "whether it may fairly be read to charge but one crime in each count." *United States v.*
9  *Morse*, 785 F.2d 771 (9th Cir. 1986). A fair reading of the charged offense is that T.W., no
10 matter how named, was the victim of the fraud from the wire transfer for $140,000 to
11 Sisneros' account on February 13, 2007. The Fifth Circuit has held that "any acts capable
12 of being charged as separate offenses must be alleged in separate counts." *United States v.*
13 *Margiotta*, 646 F.2d 729 (2nd Cir. 1981), *quoting Bins v. United States*, 331 F.2d 390, 393
14 (5th Cir. 1964). Another charge could not be made with Retirement Tucson, LLC, as the
15 victim. *Yeager v. United States*, 129 S.Ct. 2360 (2009), *quoting Ashe v. Swenson*, 397 U.S.
16 436, 443-44 (1970) ("'[W]hen an issue of ultimate fact has once been determined by a valid
17 and final judgment' of acquittal, it 'cannot again be litigated' in a second trial for a separate
18 offense. . . To decipher what a jury has necessarily decided, we held that courts should
19 'examine the record of a prior proceeding, taking into account the pleadings, evidence,
20 charge, and other relevant matter, and conclude whether a rational jury could have grounded
21 its verdict upon an issue other than that which the defendant seeks to foreclose from
22 consideration.'").

23  The Court finds the trial evidence established T.W. loaned Sisneros money.

24

25 *Motion for New Trial*

26  Fed. R. Crim. P. 33 allows the Court to order a new trial "if the interest of justice so
27 requires." Although a court's power to grant a motion for a new trial is "much broader than

- 4 -

its power to grant a motion for judgment of acquittal," it may not grant the motion unless it finds that "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict" such that "a serious miscarriage of justice may have occurred." *United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992). However, the "burden of justifying a new trial rests with the defendant." *United States v. Saya*, 101 F.Supp.2d 1304, 1307 (D.Hawai'i 1999), *citing United States v. Shaffer*, 789 F.2d 682, 687 (9th Cir. 1986). The government bears the burden of proving that any constitutional errors are harmless beyond a reasonable doubt. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989).

Sisneros incorporates his arguments from the Motion for Judgment of Acquittal and argues that, even if there was sufficient evidence under an acquittal standard, under the new trial standard a new trial should be ordered. However, the Court finds the evidence does not preponderate "sufficiently heavily against the verdict" such that "a serious miscarriage of justice" may have occurred.

*Inextricably Intertwined Evidence*

Sisneros repeats his pre-trial argument regarding inextricably intertwined evidence and asserts that, even though the Court stated the other evidence would not consume the case, it did. As discussed in the Court's August 20, 2012, Order, the Court determined that evidence "Sisneros used funds from the investment fraud scheme in the mortgage fraud scheme without paying proceeds back to the investment fraud investors is highly relevant" to the charges in this case. Doc. 37, p. 3. The Court recognized, however, that limitation of the evidence may be appropriate based on possible confusion of the issues, misleading the jury, undue delay, or wasting time. The evidence presented at trial established the intertwining nature of the offenses and did not confuse the issues, mislead the jury, cause undue delay or waste time.

1       Moreover, although the prosecutor referred to other acts/inextricably intertwined evidence as "mortgage fraud," the prosecutor advised the jury that it was not for him to say what is mortgage fraud, June 24, 2013 Transcript, p. 82, and argued that the intent to defraud was established by considering the totality of the facts, *id.*, p. 10. In conjunction with the Court's instruction to the jury that such evidence could be considered "only for its bearing, if any, on the question of the [Sisneros'] intent[,]" Doc. 234, p. 16, this evidence was properly presented to the jury.

*Juror 49*

      Sisneros objects to the Court's excusing Juror 49 over his objection. Sisneros argues that the authority permits a juror to be excused if the ability to perform his duties are impaired. 9 Federal Procedure, L.Ed. § 22:1305. However, because the juror stated he could be impartial, his ability was not impaired. Sisneros argues, therefore, it was an abuse of discretion to excuse the juror.

      As the government points out, however, Sisneros has not asserted he suffered bias or prejudice, and does not claim that the alternate juror was not impartial. In such a circumstance, the conviction is not subject to reversal. *United States v. Alexander*, 48 F.3d 1477, 1485 (9th Cir. 1995) (Because defendants did not assert they suffered bias or prejudice and did not claim the alternate juror was not impartial when trial judge excused juror over defendants' objection on last full day of trial, their convictions were not be subject to reversal), *citations omitted*.

      During trial, the Court concluded that the relationship between the juror and Mr. Quijada warranted excusing the juror. Although the Court did not state, at the time of the trial, that this conclusion implicitly includes a determination that Juror 49 could not be fair and impartial, during argument regarding the Motion for New Trial, the Court found the Juror 49 could not be fair and impartial. It is appropriate for the Court, in determining whether to excuse a juror, to consider the statements and demeanor of the juror and assess

1  his credibility. *Alexander*, 48 F.3d at 1484; *see also United States v. Gonzalez*, 214 F.3d
2  1109, 1112 (9th Cir. 2000) (because juror prejudice may be "presumed "where the
3  relationship between a prospective juror and some aspect of the litigation is such that it is
4  highly unlikely that the average person could remain impartial in his deliberations under
5  certain circumstances), *citation omitted*; *United States v. Simtob*, 485 F.3d at 1058, 1064
6  (2007) ("When there has been improper contact with a juror … – whether direct or indirect
7  – we apply a presumption of prejudice."). After the Court considered the circumstances that
8  brought the issue to the Court, the statements and demeanor of Juror 49, the relationship
9  between the juror and Mr. Quijada, and the relationship's affect on the juror's ability to be
10 fair and impartial, the Court excused Juror 49. The Court finds this does not warrant granting
11 the Motion for New Trial.

13 Accordingly, as stated during the September 13, 2013, hearing, IT IS ORDERED the
14 Motion for Judgment of Acquittal (Doc. 265) and the Motion for New Trial (Doc. 266) are
15 DENIED.
16 DATED this 18th day of September, 2013.

_____
Cindy K. Jorgenson
United States District Judge