**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> DINO SISNEROS, ) </br> ) </br> Defendant. ) </br>  ) | No. CR 12-174-TUC-CKJ </br></br> **ORDER** |

Pending before the Court is the Motion for Reconsideration of Denial of Motion for New Trial Re: Replacement of Juror 49 (Doc. 309) filed by Dino Sisneros ("Sisneros"). The government has not filed a response. *See* L.R.Civ. 7.2(g)(2) (no response to motion for reconsideration unless ordered by the court); L.R.Crim. 12.1(a) and 47.1(making LRCiv 7.2 applicable to criminal proceedings).

*Motion for Reconsideration*

The Court has discretion to reconsider and vacate an order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986). However, motions for reconsideration are disfavored. *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Indeed, a motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly."

<pre>
</pre>

*Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

Sisneros asserts the Court erred in relying on *United States v. Alexander*, 48 F.3d 1477 (9th Cir. 1995). The Court stated:

> As the government points out, however, Sisneros has not asserted he suffered bias or prejudice, and does not claim that the alternate juror was not impartial. In such a circumstance, the conviction is not subject to reversal. *United States v. Alexander*, 48 F.3d 1477, 1485 (9th Cir. 1995) (Because defendants did not assert they suffered bias or prejudice and did not claim the alternate juror was not impartial when trial judge excused juror over defendants' objection on last full day of trial, their convictions were not be subject to reversal), *citations omitted*.

September 18, 2013 Order, Doc. 295, p. 6.

Sisneros argues it is "absurd and illogical to expect a party to ever show bias or prejudice from the Court's elevating an alternate to the status of a regular juror, since, *apriori* (sic), the Court and the parties have already found the entire panel to be fair and impartial, and any objection a party had to the seating of a particular juror would already have been made and preserved for appeal by a motion to strike for cause." Motion, Doc. 309, p. 3. However, Sisneros fails to acknowledge that events following or learned after the jury selection may raise concerns of bias or prejudice.[1]

Sisneros also argues the cases cited in *Alexander* do not support the proposition for which this Court cited *Alexander*. Even though Sisneros may believe there was not an adequate basis for the Ninth Circuit's statement in *Alexander*, this Court "may not

---

[1] For example, in this case circumstances were learned of following jury selection regarding Juror 49. Similar circumstances could have been learned about one of the alternate jurors.

respectfully (or disrespectfully) disagree with [her] learned colleagues on [her] own court of appeals who have ruled on a controlling legal issue[.]" *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). The Ninth Circuit has stated that convictions are not subject to reversal where defendants do not claim bias or prejudice and it is not the role of this Court to not accept that principle. Moreover, although courts may not have engaged in sufficient critical analysis in Sisneros' opinion, numerous courts have accepted this principle. *See e.g., Alexander*, *United States v. Agramonte*, 980 F.2d 847, 850 (2nd Cir.1992), *United States v. Smith*, 550 F.2d 277, 285 (5th Cir.), *cert. denied*, 434 U.S. 841 (1977), *United States v. Cantu* 229 F.ed 544 (6th Cir. 2000); *United States v. Fajardo*, 787 F.2fd 1523 (11th Cir. 1986).

Lastly, in its discretion, this Court concluded, after considering (1) the circumstances that brought the matter to the Court's attention, (2) the statements and demeanor of the juror, (3) the Court's assessment of the juror's credibility, (3) the relationship between the juror and Mr. Quijada, and (4) the juror's ability to be fair and impartial, the relationship between the juror and Mr. Quijada warranted the replacement of the juror. *See e.g.* 115 A.L.R.Fed. 381§§ 5 and 6 (discussing propriety of substitution of jury for being an acquaintance of party or witness). Sisneros is requesting this Court to rethink what it has already thought through – rightly or wrongly. *See e.g., Hallas v. Ameriquest Mortgage Co.*, 406 F.Supp.2d 1176 (D.Or. 2005), *quoting 766347 Ontario Ltd. v. Zurich Capital Mkts., Inc.*, 274 F.Supp.2d 926, 929 (N.D.Ill. 2003) (a motion for reconsideration is not an appropriate method for an unsuccessful party to "rehash" arguments previously presented).

Accordingly, IT IS ORDERED the Motion for Reconsideration of Denial of Motion for New Trial Re: Replacement of Juror 49 (Doc. 309) is DENIED.

DATED this 9th day of October, 2013.

_____
Cindy K. Jorgenson
United States District Judge